UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ALEXA J. M.,[1]

                             Plaintiff,                  5:22-cv-243 (BKS/ML)

v.

KILOLO KIJAKAZI, Acting Commissioner of Social
Security,[2]

                             Defendant.
_____

**Appearances:**

*For Plaintiff:*
Howard D. Olinsky
Olinsky Law Group
250 South Clinton Street, Suite 210
Syracuse, NY 13202

*For Defendant:*
Carla B. Freedman, United States Attorney
Geoffrey M. Peters, Special Assistant United States Attorney
Social Security Administration
6401 Security Boulevard
Baltimore, MD 21235

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Alexa J. M. filed this action under 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for Social Security Disability Insurance ("SSDI") benefits. (Dkt. No. 1). This matter

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), the current Acting Commissioner of Social Security, Kilolo Kijakazi, has been substituted in place of her predecessor, Commissioner Andrew Saul.

was referred to United States Magistrate Judge Miroslav Lovric for a Report-Recommendation. (Dkt. No. 8); N.D.N.Y. L.R. 72.3(e). On May 2, 2023, after reviewing the parties' briefs, (Dkt. Nos. 10, 11), and the Administrative Record,[3] Magistrate Judge Lovric issued a Report-Recommendation recommending that the Commissioner's decision be affirmed. (Dkt. No. 12). Plaintiff has filed objections to the Report-Recommendation, (Dkt. No. 14), and Defendant responded, (Dkt. No. 15). For the following reasons, the Court rejects the Report-Recommendation's recommendation that the Commissioner's decision be affirmed, reverses the Commissioner's decision, and remands this matter for further proceedings.

## II.     STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original

---

[3] The Court cites to the Bates numbering in the Administrative Record, (Dkt. No. 9), as "R." throughout this opinion, rather than to the page numbers assigned by the CM/ECF system.

submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

### III.   ANALYSIS

The parties have not raised any objections to the background or the legal framework set forth in the Report-Recommendation. (*See* Dkt. No. 12, at 2–10). The Court therefore adopts Magistrate Judge Lovric's summary of the factual and procedural background and applicable law, and presumes familiarity with those matters for the purposes of this decision. The Court also adopts those aspects of the Report-Recommendation to which neither party has raised a specific objection, finding no clear error therein. *See Molefe*, 602 F. Supp. 2d at 487.

In the Report-Recommendation, Magistrate Judge Lovric found that the ALJ "fell short of the regulatory requirements for assessing the persuasiveness of [Nurse Practitioner ("NP") Lettetia] McNally's October 2020 opinion" but that remand was not required because the "rationale that the ALJ relied upon to reach her [residual functional capacity ("RFC")] determination" could be gleaned from the ALJ's decision. (Dkt. No. 12, at 13–17). Plaintiff objects to the recommendation that remand is not required, arguing that (1) an ALJ's failure to explain the supportability and consistency factors when evaluating the persuasiveness of a medical opinion requires remand, (2) *Loucks v. Kijakazi*, No. 21-cv-1749, 2022 WL 2189293, 2022 U.S. App. LEXIS 16829 (2d. Cir. June 17, 2022) (summary order), "does not provide legal authority for dismissing an ALJ's procedural error under the guise of a substantial evidence review," and (3) Magistrate Judge Lovric's conclusion is based on an impermissible post-hoc rationalization. (*See generally* Dkt. No. 14).

#### A.   Applicable Law

Under the applicable regulations, the Commissioner must consider medical opinions and "evaluate the[ir] persuasiveness" based on the following five factors: supportability, consistency,

3

relationship with the claimant, specialization, and "other factors." 20 C.F.R. § 404.1520c(a)–(c). The ALJ is required to "articulate how [she] considered the medical opinions" and "how persuasive [she] find[s] all of the medical opinions." *Id.* § 404.1520c(a), (b)(1). The two "most important factors" for determining the persuasiveness of medical opinions are consistency and supportability, and an ALJ is required to "explain how [she] considered the supportability and consistency factors" for a medical opinion. *Id.* § 404.1520c(b)(2).

With respect to "supportability," the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). The regulations provide that with respect to "consistency," "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). An ALJ must consider, but is not required to discuss, the three remaining factors when determining the persuasiveness of a medical source's opinion. *Id.* § 404.1520c(b)(2).

An ALJ's failure to explain the supportability and consistency of the medical opinions in the record is procedural error. *Estrella v. Berryhill*, 925 F.3d 90, 96 (2d Cir. 2019); *see also Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *3 (finding that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record"). However, "if 'a searching review of the record assures [the court] that the substance of the [regulation] was not traversed,'" the court may affirm

4

the Commissioner's decision. *Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4 (quoting *Estrella*, 925 F.3d at 96).

**B.     Analysis**

As an initial matter, the Court rejects Plaintiff's argument that an ALJ's procedural error in failing to explain the ALJ's consideration of the supportability and consistency of medical opinions necessarily requires remand "as a matter of law." (Dkt. No. 14, at 6). As this Court has previously explained, the Second Circuit in *Loucks* "recited the well-settled principle that '[d]espite [an] ALJ's procedural error,' a reviewing court can affirm if 'a searching review of the record assures [the court] that the substance of the [regulation] was not traversed.'" *John L.M. v. Kijakazi*, No. 21-cv-368, 2022 WL 3500187, at *2, 2022 U.S. Dist. LEXIS 147761, at *6 (N.D.N.Y. Aug. 18, 2022) (quoting *Loucks*, 2022 WL 2189293, at *2, 2022 U.S. App. LEXIS 16829, at *4). "Thus, while a reviewing court may not affirm the Commissioner's decision based on an impermissible post-hoc rationalization, it may affirm where the ALJ's consideration of the relevant factors can be gleaned from the ALJ's decision as a whole." *Id.*, 2022 WL 3500187, at *2, 2022 U.S. Dist. LEXIS 147761, at *6–7 (citations omitted) (rejecting Plaintiff's counsel's argument that "procedural error alone requires remand as a matter of law").[4]

The Court further finds no clear error in the Report-Recommendation's finding, to which neither party has objected, that the ALJ "fell short of the regulatory requirements for assessing

---

[4] Indeed, other courts likewise have rejected counsel's argument in this regard. *See, e.g.*, *Adam R.T. v. Comm'r of Soc. Sec.*, No. 21-cv-1170, 2023 WL 1775689, at *2, 2023 U.S. Dist. LEXIS 19063, at *5–6 (N.D.N.Y. Feb. 6, 2023) (noting that an ALJ's procedural error in evaluating the persuasiveness of medical opinions "does not necessarily preclude the court from affirming the Commissioner's decision"); *Catherine M. v. Comm'r of Soc. Sec.*, No. 21-cv-6283, 2023 WL 2623590, at *6, 2023 U.S. Dist. LEXIS 50582, at *17 (W.D.N.Y. Mar. 24, 2023) (same); *Jason A.L. v. Comm'r of Soc. Sec.*, No. 21-cv-477, 2022 WL 4354363, at *3, 2022 U.S. Dist. LEXIS 169267, at *6–8 (N.D.N.Y. Sept. 20, 2022) (same).

the persuasiveness of NP McNally's October 2020 opinion." (Dkt. No. 12, at 15). The ALJ found NP McNally's October 2020 opinion to be "not persuasive" because it is

> inconsistent with her own treatment notes for that period of 2020 and inconsistent with the statements she reported in the treatment notes on September 9, 2020 and the mental status exam that was given to the claimant by her therapist on September 24, 2020. Her estimate that the claimant would be off-task for twenty percent of an eight-hour day and that she would be absent from work four days per month is speculative. The claimant testified that bad days were unpredictable and random, as she never knows how she is going to respond to mood changes.

(R. 24 (internal citations omitted)).

Magistrate Judge Lovric nonetheless concluded that "a searching review of the record allows the court to glean the ALJ's rationale and find it supported by substantial evidence," noting that it was "apparent from the ALJ's decision that she conducted her own 'searching review' of the record before reaching any conclusions regarding the medical opinions and the overall record evidence." (Dkt. No. 12, at 15–16). Magistrate Judge Lovric noted that the ALJ relied on a "longitudinal review of the record" and "clearly articulated the reasons why she found NP McNally's March 2020 opinion to be persuasive" and that the ALJ's "more robust evaluation of NP McNally's March 2020 opinion redeem[ed] her deficient analysis of the October 2020 opinion from the same source, because it allows the court to glean the rationale that the ALJ relied upon to reach her RFC determination." (*Id.* at 16–17).

Plaintiff objects that "*post-hoc* rationalizations are impermissible" and that the Report-Recommendation's analysis is "nothing more than an impermissible re-weighing of the evidence." (Dkt. No. 14, at 4–5). Plaintiff further argues that "a general finding that substantial evidence supports the Commissioner's decision does not cure the ALJ's [procedural error]." (*Id.* at 7). Defendant responds that the Report-Recommendation does not engage in an impermissible

6

post-hoc rationalization and properly found the ALJ's procedural error harmless by "look[ing] to evidence and analysis contained in *the ALJ's decision*." (*See generally* Dkt. No. 15). Reviewing Plaintiff's objection de novo, the Court cannot say that a searching review of the record assures it that the substance of the regulations was not traversed.[5]

The Court cannot glean the ALJ's consideration of the supportability or consistency of NP McNally's October 2020 opinions regarding off-task time and absenteeism from the ALJ's decision as a whole. First, although the ALJ elsewhere in the decision discussed NP McNally's treatment notes, (R. 20–22), that discussion does not elucidate how those treatment notes fail to support an opinion that Plaintiff would be off-task more than twenty percent of an eight-hour workday or absent from work about four days per month, (R. 1024). This is particularly true because the treatment notes cited are largely from appointments occurring either before Plaintiff suffered anoxia in July 2019 or after her hospitalization in early 2020, when Plaintiff was no longer working. (R. 20–22; *see, e.g.*, R. 1160 (March 17, 2021 treatment note stating: "[Plaintiff] is doing really well. She has not been overwhelmed because she is not working.")).

Nor is the ALJ's consideration of the consistency factor as it relates to NP McNally's October 2020 opinion apparent from the decision as a whole. *See White v. Comm'r of Soc. Sec.*, No. 20-cv-6222, 2022 WL 951049, at *5, 2022 U.S. Dist. LEXIS 59095, at *14 (S.D.N.Y. Mar. 30, 2022) ("Consistency is an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record" (citation and internal quotation marks

---

[5] The Court "agrees that *Loucks* does not suggest that a substantial evidence review can cure a procedural error." *John L.M.*, 2022 WL 3500187, at *2, 2022 U.S. Dist. LEXIS 147761, at *6; (*see* Dkt. No. 14, at 5 (objecting that *Loucks* "does not provide legal authority for dismissing an ALJ's procedural error under the guise of a substantial evidence review")). Thus, the Court disagrees with the Report-Recommendation's suggestion that the substance of the regulations governing consideration of medical opinions is not traversed anytime the Court can glean the ALJ's rationale "relied upon to reach [the] RFC determination." (Dkt. No. 12, at 17). Rather, the Court may affirm where the ALJ's "consideration *of the relevant factors*" related to the persuasiveness of a medical opinion can be gleaned from the ALJ's decision as a whole. *John L.M.*, 2022 WL 3500187, at *2, 2022 U.S. Dist. LEXIS 147761, at *6–7 (emphasis added).

omitted)). Although the ALJ cited Plaintiff's hearing testimony that her bad days were "unpredictable and random," (R. 24), Plaintiff also testified: "[I]t's so random, it comes and goes. It could be once in one week; it could be once in three weeks; it could be five times in three days." (R. 54–55). Thus, Plaintiff's testimony is not necessarily inconsistent with the opined off-task and absenteeism limitations. The ALJ's statement that these opinions were "speculative," without further elaboration, "preclude[s] meaningful review by this court." *Annjeanette B. v. Kijakazi*, No. 22-cv-198, 2023 WL 3040663, at *8, 2023 U.S. Dist. LEXIS 69713, at *23 (N.D.N.Y. Apr. 21, 2023) (concluding that the ALJ failed to sufficiently address the supportability factor where the ALJ concluded that opinions regarding time off-task and absenteeism were "'purely speculative,' without further explanation'").

Further, although the Report-Recommendation concluded that "the ALJ's more robust evaluation of NP McNally's March 2020 opinion redeems her deficient analysis of the October 2020 opinion," (Dkt. No. 12, at 17), the March 2020 opinion did not opine on Plaintiff's limitations as to off-task time and absenteeism, (*see* R. 777–79). Thus, it is not clear that NP McNally's October 2020 opinion is necessarily inconsistent with the March 2020 opinion in that regard. Indeed, some of the conclusions in the March 2020 opinion are consistent with the opined off-task and absenteeism limitations. For example, NP McNally noted in the March 2020 opinion, which the ALJ found "persuasive," that Plaintiff has "had panic attacks [at] work," was hospitalized for eight days in early 2020, is "[e]asily overwhelmed with work," and has problems with "concentration, focus[, and] decision making" due to anoxia. (R. 778–79). The ALJ did not explain, either expressly or implicitly, how these findings are inconsistent with or undermine NP McNally's October 2020 opinion. *Cf. Mark C. v. Kijakazi*, No. 21-cv-184, 2022 WL 16797962, at *2, 2022 U.S. Dist. LEXIS 203495, at *6 (W.D.N.Y. Nov. 8, 2022) (concluding that the ALJ

"implicitly compared the supportability and consistency of th[e] evidence [set forth in the ALJ's decision] with the opinions of record").

Because a finding that Plaintiff would be off-task more than twenty percent of an eight-hour workday or absent from work about four days per month would result in a finding of disability, (*see* R. 60, 62 (vocational expert testimony)), the Court cannot say that the ALJ's procedural error is harmless, and remand is required for the ALJ to properly apply the regulations to the consideration of NP McNally's October 2020 opinion.

## IV.   CONCLUSION

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation's recommendation that the Commissioner's decision be affirmed (Dkt. No. 22, at 18) is **REJECTED**; and it is further

**ORDERED** that the Commissioner's decision is **REVERSED**, and this action is **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Decision and Order; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

Dated: July 11, 2023
       Syracuse, New York

*[signature: Brenda K. Sannes]*
Brenda K. Sannes
Chief U.S. District Judge